**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERNST FORD,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*,** | : | **No. 07-0778** |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION**

Defendants, Police Sgt. Scot Murphy and Officer Terrance Sanders, (hereinafter "Defendants") hereby file this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff Ernst Ford filed this action on March 1, 2007 alleging that members of the Philadelphia Police Department violated his civil rights on July 2, 2005, during a protest at 51st and Market Streets in Philadelphia.  On this date, the Philadelphia Police Department arrested Plaintiff after he hit and kicked police officers who attempted to move him from the path of a SEPTA bus.  Plaintiff was subsequently convicted of simple assault against two officers and now claims that the Defendants used excessive force during his arrest in retaliation for expressing his freedom of speech in violation of his Fourth and First Amendment rights.  Plaintiff seeks relief under 42 U.S.C. § 1983, et seq.

As fully set forth herein, the Defendants are entitled to Summary Judgment because Plaintiff has not satisfied his burden of demonstrating that Officer Sanders and Sgt. Murphy violated his First and Fourth Amendment rights.  Further, the Officers are entitled to qualified immunity because their actions were reasonable in light of the

circumstances.    As such, Defendants respectfully request that the Court dismiss Plaintiff's Second Amended Complaint with prejudice.

## I.    PROCEDURAL HISTORY

On March 1, 2007, Plaintiff, Ernst Ford, filed a Complaint naming as defendants the City of Philadelphia and the "Philadelphia Police."    See Plaintiff's Original Complaint, attached hereto as Exhibit A.    In his Complaint, Plaintiff alleges that on July 2, 2005, the Philadelphia Police assaulted him with unreasonable and excessive force and prohibited his freedom of speech and assembly at a demonstration at 51st and Market Streets in Philadelphia.  See Docket Entry #3.

On March 20, 2007, Plaintiff filed an Amended Complaint naming as the only defendant, the City of Philadelphia, and presumably alleging that his Equal Protection rights were violated.    Docket Entry #4.    Because Plaintiff filed both his complaint and amended complaint without the aid of counsel and both pleadings were rather vague, Defendant filed its Answer in response to both the complaint and amended complaint.

On September 6, 2007, at a Status Conference, Plaintiff Moved for Leave to File a Seconded Amended Complaint.    U.S. District Court Docket, Entry #22.

On September 21, 2007, the Court appointed counsel for Plaintiff.    Docket Entry #24.

On October 5, 2006, Defendant, the City of Philadelphia, filed an opposition to Plaintiff's motion.    Docket Entry #26.    On October 18, 2007, Plaintiff filed a Reply in support of its Motion for Leave to File a Second Amended Complaint.    Docket Entry #27.    On October 31, 2007, the Court granted Plaintiff's Motion for Leave to File a Second Amended Complaint.    Docket Entry #28.    On November 9, 2007, Plaintiff served

Defendants Philadelphia Police Sergeant Scot Murphy and Officer Terrance Sanders with the Second Amended Complaint. Docket Entry #29. On November 13, 2007, Defendants filed their Answer with Affirmative Defenses to Plaintiff's Second Amended Complaint. Docket Entry #30.

On December 11, 2007, the Court filed a Pretrial Scheduling Order, setting the Discovery deadline to December 31, 2007. Docket Entry #35.

Because Discovery has now closed, this matter is ripe for summary judgment.

## II.    STATEMENT OF FACTS

Defendants incorporate by reference their list of undisputed facts set forth in their Motion for Summary Judgment, as if set forth herein at length.

## IV.    LEGAL ARGUMENT

### A.    THE SUMMARY JUDGMENT STANDARD

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. See id. All inferences must be drawn, and all doubts resolved in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985).

On motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact disputes.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials.  See id. at 321, n.3; First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987).

In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case."  Celotex, 477 U.S. at 322-24.  The non-moving party must adduce more than a mere scintilla of evidence in its favor to defeat the moving party's summary judgment motion.  See Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989).  Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party."  Schwartz v. Hospital of Univ. of Pa., 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993).  Furthermore, "[p]laintiff cannot "simply reassert factually unsupported allegations in its pleadings."  Poles v. St. Joseph's Univ., 1995 WL 542246 at *5 (E.D. Pa. Sept. 11, 1995) (citing Celotex, 477 U.S. at 325).  "Plaintiff must present affirmative evidence in order to defeat this properly supported motion for judgment."  Id.

**B.    PLAINTIFF CANNOT DEMONSTRATE THAT DEFENDANTS RETALIATED AGAINST HIM.**

Plaintiff claims that the Defendants beat him for participating in a demonstration in which he expressed his dissatisfaction with the Philadelphia Police Department. Plaintiff's Second Amended Complaint, ¶¶7, 20.  Plaintiff attempts to state a claim for retaliation under the First Amendment.

Constitutional retaliation claims are analyzed under a three-part test.  Eichenlaub v. Township of Indiana, 385 F.3d 274, 282 (3d Cir. 2004) (citing Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997)).    Plaintiff must prove (1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation.  Id.

Plaintiff cannot satisfy the first prong of the test.  His conviction for simple assault precludes him from claiming that he was engaged in protected activity.  Reynolds v. Smythe, 418 F.Supp.2d 714, 732 (E.D. Pa. 2006).  In Reynolds, police officers responded to a disturbance on a residential street and ordered plaintiff to move off the sidewalk.  Id. at 726.  Plaintiff failed to comply, instead sat on some steps next to the sidewalk and began to yell and curse at the officers, causing a crowd to gather.  Id. Police warned plaintiff that they would arrest him for disorderly conduct and creating a disturbance.  Id.  Plaintiff did not heed their warnings.  Id.  As the officers attempted to handcuff plaintiff, he physically resisted, grabbing one of the officers' in the groin.  Id. at 727.  During the course of the struggle, the officers and plaintiff went over the hood of a car, and plaintiff was subsequently treated for injuries.  Id. at 726-27.  The officers arrested plaintiff for disorderly conduct, creating a disturbance and various other crimes. Id. at 727.  After plaintiff's mother spoke with the Chief of Police, he agreed to withdraw

the charges against her son.  Id.  When plaintiff's counsel sent the Chief a notice of claim

against the officers involved in plaintiff's arrest, the Chief reinstated the charges.  Id.

727-28.  Plaintiff pled nolo contendere to disorderly conduct and harassment charges.  Id.

at 729.  Plaintiff then filed a claim under § 1983 alleging, among other things, that the

Chief retaliated against him for engaging in protected activity - asserting claims against

the officers for constitutional violations.  Id. at 732.

In finding the Chief not liable for retaliation, this Court found that plaintiff's nolo

contendere served as a conviction and thus precluded him from claiming that he was

engaged in protected activity.  Id. (citing United States v. Poellnitz, 372 F.3d 562, 565

(3d Cir. 2004).

Here, Police arrested Plaintiff on July 2, 2005, not for participating in a

demonstration, but for hitting and punching Officers Sanders and Velez.  Exhibit K,

Judgments of Conviction.  Plaintiff was convicted of two counts of Simple Assault.  As

such, he cannot claim that he engaged in constitutionally-protected activity, and his

retaliation claim must be dismissed.

        **C.**     **PLAINTIFF CANNOT DEMONSTRATE THAT DEFENDANTS
          USED EXCESSIVE FORCE AGAINST HIM.**

"To state a claim for excessive force as an unreasonable seizure under the Fourth

Amendment, a plaintiffs must show that a 'seizure' occurred and that it was

unreasonable."  Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004) (citing Estate of Smith

v. Marasco, 318 F.3d 497, 515 (3d Cir. 2003).  Here, there is no dispute that Plaintiff's

arrest for simple assault was a seizure for the purposes of the Fourth Amendment.  As

such, the only issue is whether the force Defendants used to effect that seizure was

reasonable.  Kopec, supra, 361 F.3d at 776.

In Graham v. Connor, 490 U.S. 386 (1988), the Supreme Court held that an "objective reasonableness" test should be used to evaluate claims of excessive force. Id. at 388. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Id. at 396. "Police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." Id. at 397. The reasonableness of the officer's belief as to the appropriate level of force must be judged from that on-scene perspective. Id. at 396.

The Graham court expressly cautioned against using "20/20 vision of hindsight;" rather, deference should be given to the judgment of reasonable police officers at the scene. Id. at 393. Thus, based on the facts known at the time, if an officer reasonably (but mistakenly) believed that the circumstances justified a showing of force, an officer will not be held liable for using more force than (in hindsight) may have been needed.

### 1.    As a Matter of Law, Plaintiff's Claim for Excessive Force Is Barred By His Conviction For Simple Assault.

Plaintiff claims that Officer Sanders and Sgt. Murphy struck him without provocation. Plaintiff's Second Amended Complaint, ¶9. However, under Heck v. Humphrey, 512 U.S. 477 (1994), he is barred from claiming that the Officers used excessive force because success on this claim would necessarily imply the invalidity of his conviction for simple assault. See Nicholson v. Kober, 2007 U.S. Dist. LEXIS 49276,*1-2, 5 (W.D. Pa. 2007); Garrison v. Porch, 2007 U.S. Dist. LEXIS 17223 (D.N.J. 2007).[1]

---

[1] Plaintiff has not presented evidence that his convictions have been overturned.

In <u>Heck</u>, the Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254 [28 U.S.C.S. § 2254].  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

<u>Heck v. Humphrey</u>, 512 U.S. at 486-87.  "A § 1983 claim falls under the rule in <u>Heck</u> only when a judgment in favor of the plaintiff would necessarily imply the invalidity of a subsequent criminal conviction or sentence." <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102-03 (5th Cir. 1996).

Though dressed up as a civil action seeking damages for Defendants' alleged use of excessive force, Plaintiff's lawsuit is nothing more than a collateral attack on his conviction for simple assault against Officers Sanders and Velez.  Plaintiff does not aver in any of his Complaints that his conviction has been reversed, expunged, or declared invalid.  Accordingly, under the rule announced in <u>Heck v. Humphrey</u>, plaintiff cannot use a § 1983 action as a collateral attack on his state conviction.

With respect to the excessive force claims against Officer Sanders and Sgt. Murphy in this action, Plaintiff cannot now claim that the amount of force they used was unreasonable.  The Court of Common Pleas found Plaintiff guilty of simple assault against Officers Sanders and Velez.  Exhibit K, Judgments of Conviction.  Plaintiff's conviction for simple assault demonstrates that he knowingly, intentionally or recklessly caused injury to Officers Sanders and Velez.  18 Pa. C.S. § 2701.  In order for the Court

to have found Plaintiff guilty, it must have credited the Officers' statements that Plaintiff

kicked and punched the Officers while they tried to arrest him and discredited Plaintiff's

statement that the Officers struck him without provocation. Nicholson, supra, 2007 U.S.

Dist. LEXIS 49276 at *10. As such, Plaintiff's claim against the Officers for excessive

force must be dismissed.

### 2. The Amount of Force Defendants Used Against Plaintiff Was Reasonable.

Even if the Court does not find that Plaintiff's claims against the Defendants are

barred by Heck v. Humphrey, no reasonable finder of fact could determine that the level

of force used by Officer Sanders and Sgt. Murphy was unreasonable under the

circumstances known to them as they subdued Plaintiff.

First, Defendant Murphy never made physical contact with Plaintiff. Exhibit G,

Murphy Dep., p. 61. Accordingly, Plaintiff's claim against him for excessive force must

be dismissed as a matter of law. Assuming, however, that Plaintiff's claims that Sgt.

Murphy used force are true, the amount of force used was reasonable.

Secondly, Officer Sanders' and Sgt. Murphy's use of force was reasonable in light

of the circumstances. Some of the factors to consider in determining whether an officer's

action was reasonable is whether plaintiff posed an immediate threat to the safety of the

officers and whether he actively resisted arrest. Id. at 776-77. A court may also consider

"the duration of the action, whether the action takes place in the context of effecting an

arrest…and the number of person with whom the police officers must contend at one

time." Kopec, supra, 361 F.3d at 777 (citing Sharrar v. Felsing, 128 F.3d 810, 822 (3d

Cir. 1997). In Pennsylvania, Police Officers are permitted to use force against an

individual who resists arrest. Hausman v. Tredinnick, 432 F.Supp. 1160, 1162 (E.D. Pa.

1977).    They are justified in using any force which they believe are necessary to effectuate the arrest.  18 Pa. C.S. § 508.

Further, Plaintiff's conviction for simple assault is conclusive that Officer Sanders was justified in using "substantial force" to effectuate the arrest.  See Clark v. Edgar, 2007 U.S. Dist. LEXIS 64643, *11 (M.D. Pa. 2007) (citing Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997) (ruling that plaintiff's conviction for resisting arrest determinative of defendant police officer's privilege to use "substantial force" to make the arrest).[2]

In the instant matter, Plaintiff hit Officer Sanders with a wooden pole.  In order to stop Plaintiff from kicking and punching him further, Officer Sanders used control holds to take Plaintiff to the ground to be handcuffed, putting his leg between Plaintiff's legs and pushing Plaintiff to the ground.  Sanders Dep., Exhibit F, p. 118.  The control hold, however, was not effective; Plaintiff continued to punch and kick Officer Sanders and other Officers who responded to help handcuff him.  Sanders Dep., Exhibit F, pp. 115-19, 132; Exhibit A, PARS; Exhibit D, Roberson Dep., pp. 71-72.  Although other Officers used their batons to subdue Plaintiff, Officer Sanders was not armed with his baton and therefore, could not have used it on Plaintiff.  Id.  Assuming Officer Sanders used his baton, it was done so in accordance with Philadelphia Police Department Procedures and the continuum for the use of force.  The amount of force used in light of Plaintiff's knowing, intentional or reckless behavior was reasonable.    Philadelphia Police Department Directive 22, attached hereto as Exhibit J.  However, Plaintiff has adduced no evidence that the Officers' used batons, kicked, punched or hit him.  In fact, Plaintiff

---

[2] The Superior Court of Pennsylvania found that, although they are separate criminal acts, the crime of assault is more than necessary to establish the elements of resisting arrest.  Commonwealth v. Healey, 836 A.2d 156, 159 (Pa. Super. 2003).

has not adduced any evidence of physical injury as a result of Officer Sanders and Sgt.

Murphy's alleged use of excessive force.

### D.    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Government officials performing discretionary functions generally are "shielded

from liability for civil damages insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have

known."  Harlow v. Fitzgerald 457 U.S. 800, 818 (1982).  The doctrine of qualified

immunity "seeks to ensure that defendants reasonably can anticipate when their conduct

may give rise to liability by attaching liability only if the contours of the right violated are

sufficiently clear that a reasonable official would understand that what he is doing

violates that right."   United States v. Lanier, 520 U.S. 259, 270-71 (1997) (internal

quotations and citations omitted).   Qualified immunity "protects 'all but the plainly

incompetent or those who knowingly violate the law.'" Anderson v. Creighton, 483 U.S.

635, 638 (1987) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court discussed the two-

step inquiry which should be used to determine whether police officers can be held liable

for an alleged violation of a plaintiff's constitutional rights.   First, the district court must

consider the threshold question: "Taken in the light most favorable to the party asserting

the injury, do the facts alleged show the officer's conduct violated a constitutional right?"

Saucier, 533 U.S. at 201.  If so, the district court should then determine whether the

constitutional right was clearly established.  Id.  The Court defined this part of the inquiry

as follows:  "[t]he contours of the right must be sufficiently clear that a reasonable

official would understand that what he is doing violates that right.    The relevant,

dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

In Saucier, the Supreme Court addressed the application of qualified immunity to an excessive force claim.

The Supreme Court defined the qualified immunity inquiry as follows:

> The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct. It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. If an officer's mistake as to what the law requires is reasonable, however, the officer is entitled to immunity defense.

Saucier, supra, 533 U.S. at 205.

Applying the Supreme Court's teachings to Plaintiff's excessive force claim at issue in this case, it is clear that (assuming a constitutional violation is found) Officer Sanders and Sgt. Murphy are entitled to qualified immunity.

With respect to the first prong of this test, as fully discussed above, Defendants did not violate clearly established constitutional rights. Police Officers are permitted to use reasonable force to arrest an individual for simple assault without offending the Fourth Amendment. See Hausman, supra, 432 F.Supp. at 1162; 18 Pa. C.S. § 508.

Next, the law permitting the officers to use the amount of force necessary to effectuate an arrest and to defend themselves from a simple assault by Plaintiff, was clearly established at the time of the incident. Nimley v. Baerwald, 2004 U.S. Dist.

LEXIS 9755, *34 (E.D. Pa. 2004) (police officers' actions in allegedly bringing plaintiff to the floor to restrain and handcuff him was reasonable and not in violation of the Fourth Amendment).

In sum, there is no clearly established Fourth Amendment right to be free from the use of force in response to a simple assault.  Even if such a right should be found now, Defendants alleged violation of this right was not clearly established as of July, 2005.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant its Motion for Summary Judgment.

Respectfully submitted,


_ns4168_____
NICOLE S. MORRIS
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
(215) 683-5433

DATE:  January 18, 2008